Good morning, and may it please the court, I'm Jason Walto representing Trish Johnson. And with your permission, I'd like to reserve three minutes for rebuttal. I will keep going. Just watch the clock. Yes, Your Honor. As I said, I represent Ms. Johnson, a school teacher who was fired when the defendant's school district refused her an accommodation for her chronic depression and bipolar disorder. That accommodation consisted of allowing Ms. Johnson, I'm sorry, petitioning for a one-year provisional teaching certificate that would allow Ms. Johnson to continue her position while she completed the credits needed to obtain her regular teaching certificate, which is something this small school district had done for more than 20 teachers between 2006 and 2009. The district court's grant of summary judgment to the school district under the Rehabilitation Act and the Idaho Human Rights Act should be reversed. Well, now, isn't the issue whether she was qualified for this position or not? It is, Your Honor. Was she qualified? She was qualified and otherwise qualified within the meaning of the ADA and the rehabilitation act. I thought there was a requirement that she had to have her certificate. It is, Your Honor, and it's a requirement that she could have met had she received the reasonable accommodation that she requested from the school district. And that is the issue on appeal. Here, the district court determined that in determining whether she was qualified or otherwise qualified for purposes of the failure to accommodate claims, that he could not take into account her requested accommodation. How do you distinguish her situation from, for example, the house report example of the hypothetical lawyer who is vision impaired and cannot take the bar exam and he's just not qualified? I mean, not that he cannot take the bar exam. He didn't pass the bar exam. So how do you distinguish your situation from that hypothetical? I distinguish this situation from that hypothetical in the degree of control that the law firm, as opposed to the school district here, had over providing a reasonable accommodation. A law firm can't obtain or initiate a process to obtain a provisional law license for this blind lawyer. Here, the situation was quite different. The school district could obtain and indeed was the gatekeeper for obtaining this provisional one-year teaching certificate that Ms. Johnson sought. And I think that the- Well, that it's not really the gatekeeper. She has to go elsewhere to get the certification in order to be qualified to teach, right? It's the school district that makes the petition. She can't make the petition on her own. It's the school district that makes the petition. OK. And so she needs to complete those courses, get her certificate, then she's qualified to be an instructor. So what's the difference between I need to pass the bar exam to be a lawyer? It's that the law firm can't provide interim certification for the lawyer to practice law. Here, the one-year certificate- Well, neither could the local school district here. Well, they were the gatekeeper to the process, and they could petition to the state board. And in every instance that they did petition to the state board, the state board granted their request. But where is the requirement that they do that? There's nothing in the statute that compels that, is there? That compels? They're petitioning the state board and taking all of these extraordinary steps? Well, these aren't extraordinary steps, Your Honor. They had done this for 20 other teachers over a three-year period. And what requires it in the statute is the duty to accommodate. And it's interesting that Judge Kendall brought up the House report because it addresses the very situation we're talking about. It says that a person who is otherwise qualified for the provision, the duty to accommodate provision, clearly describes a person with a disability who meets all of the employer's job-related selection criteria except those criteria that she cannot meet because of a disability but which could be met with a reasonable accommodation. And in that situation, this individual who is otherwise qualified must then be offered a reasonable accommodation that will make the individual a qualified individual with a disability under the statute. And the school district embraces this definition. What about the issue, just factually, in the Rule 56s, regarding whether or not she actually was qualified, whether she was incapable of taking these tests due to her depression or whether she was just choosing not to follow through and was doing other things that would enable her to take the tests and making decisions in her life as opposed to not? Well, the school district did not dispute that she was qualified in any respect other than her lack of having a teaching certificate. I'm really going more to her not taking the tests themselves. The facts would show whether she was capable of taking the tests during the required period of time. Well, the facts in the record, Your Honor, are that she, and I put this in our supplemental, I'm sorry, there's a small addendum at the end of our reply brief that has the deposition testimony on it, that in rather quick order, within six months, I believe it may have even been less, she did complete all of the credits she needed to obtain her certification. So as a factual matter, whether she would have been able to do this is fairly well settled by the record. She had done it by the time she was deposed, and she had not gone the extra step of submitting the fee and the actual request because she was, did not have a job. She was working outside of the profession in fairly low wage work and didn't have any prospects for getting a job in the profession, so she didn't want to incur the additional expense. But as far as the credit prerequisites go for getting the teaching certificate, she had obtained those by the time she was within six months of her being fired by the school district. What is the evidence, I think you have to meet the standard, do you not, that the qualification is designed to screen out or tend to screen out an individual with a disability or a class with disabilities? What's the evidence that the requirement of the certificate is aimed at excluding disabled? I don't believe that is the requirement under the duty to accommodate claim. I'm talking about the step one in the process, which is to satisfy the requisite skill, experience, and education, and then you get to reasonable accommodation. I'm still on step one. Well, step one is whether she was an otherwise qualified individual with a disability. And in this instance, she was qualified in every respect other than the one for which she sought a reasonable accommodation. Okay, but that's kind of a bootstrap argument, isn't it? You're trying to jump to the step two without getting through step one. Well, but when you're talking about a duty to accommodate claim, the two are, as the Eighth Circuit recognized in the Peebles case, they're inextricably tied together, that they are, that you can't examine an individual's qualified status without taking into consideration the reasonable accommodations that they've sought. And this isn't a claim where she's saying that the certification requirement generally screens out individuals with disabilities, just like a requirement to come to work on time doesn't generally screen out individuals with disabilities. But there are circumstances particular to an individual's disability that may not be able to be met because of the disability, but could be met with a reasonable accommodation. And that is what she has sought here. And the notion that it was an extraordinary accommodation or anything like that simply doesn't hold water because it's something the school district had done on numerous occasions for numerous other teachers. And there are several features of the plain language of- Where would I find in the record about these numerous other exemptions that you would refer to? There's a list of them that you would find in pages 86 through 90 of our excerpts of record. And there are roughly 20 or so just in the years 2006 to 2009. There are three aspects of the plain language of the relevant statute, which here is the ADA, even though her claim arose under the Rehabilitation Act. The Rehabilitation Act incorporates the substantive standard. First, the definition itself in Title I of the ADA, which defines qualified, which is an individual with a disability who with or without accommodation can perform the essential functions of the job. This clearly demonstrates the reasonable accommodation sought must be taken into account when determining the individual's qualified status. Second, you have the cause of action section that you proceeded under, which is 102B5A or as it's codified 121112B5A, which talks about not making accommodations to an otherwise qualified individual with a disability. And on the term otherwise qualified, I've already quoted to you the section from the House Statement that discusses what that means. This is a person who can meet all of the employer's job-related selection criteria other than the ones that they cannot meet because of their disability. And the school district embraces that definition as the correct one in page 12 of their answering brief. And that fits Ms. Johnson's situation to a T. So it's a bit difficult to figure out how they can be heard to complain that she was not qualified. And of the various forms of discrimination that are described in the cause of action section of the ADA, the failure to accommodate section is the only one that includes this language otherwise qualified, which to me simply emphasizes the point that when we're talking about a failure to accommodate, you must take that accommodation into account in determining the individual's qualified status. In your, I didn't bring your blue brief out here, but in your blue brief, your opening brief, when you made this argument, what you said was that the school district could make her eligible. They could provide an accommodation that would plausibly enable her to perform the job. But it seems, the argument that they can make her eligible seems to be, you know, if you go to the way in which the statute's been interpreted in the regulations and in the guidance memos and in our own case law, which we recognize the two steps. Yes, Your Honor. The two steps. You know, as Judge O'Scallion was alluding to, that the first step in the interpretation of the qualified individual, we talk, you know, the EEOC has said the first step is to determine if the individual satisfies the prerequisites for the position. And you turn that into saying, well, they could make her satisfy the prerequisites for the position. Correct, Your Honor. And that's exactly what this case, what this court recognized in both the Bates case and the Rohr case. No, but Bates and Rohr are different. I disagree, Your Honor. In Rohr. Bates deals with an attack on a qualification that the plaintiff's claim had an, a disparate impact case. I, I, well, Rohr was an individual, I agree that. Rohr, Rohr also is similar. I, I agree with you that, that Bates was a disparate impact type case. It was a class action. But in Rohr, it was a, it was a respirator that they must be able to pass this respirator requirement that was, that, that was imposed by OSHA. And this court said that. No, but all we said in Rohr was that there was, there was a range of criteria that, that the employer could utilize. Correct, Your Honor. To, to give him an opportunity in which when he'd take the test, he would, he would be then eligible. Well, it wasn't certain. They, they said that there were accommodations that could be made that would in, that, that would plausibly enable him to pass that test. But that's precisely the case we have here. We have the ordinary certification regime. And we have a provisional certification that is a variation on the ordinary certification. And if she were given the opportunity to get the provisional certification, the school district would not and could not dispute that she was qualified. And, and, and, and the timing of this, I think, points out a little bit of the strangeness of the school district's argument. Apparently, according to the school district, if she had gone to the board, she went to the superintendent and her principal before then, asking how she could be accommodated. But if she had gone to the board on September 1st and said, my certification expires at midnight. I would like to be considered for a provisional certification. Their argument about qualification would evaporate. The, she. Counsel, you're down to a minute and a half. If you want to reserve, you may do so. Yes, Your Honor. I would like to have a minute and a half, so I will sit down now. Thank you. Very well. We'll hear from the board. May it please the court. My name is Bentley Stromberg. I represent the Boundary County School District in this case. From our perspective, there are three fundamental issues before the court. The first is whether a neutral job requisite, such as possessing the requisite professional license or certificate, is a threshold for application of the ADA's reasonable accommodation requirement. The second is whether Plinniff met her burden of producing plausible evidence that the accommodation she would, or she was proposing was plausible in order to defeat our motion for summary judgment on the reasonable accommodation issue. And the third is whether we met our summary judgment burden to create a question of fact with respect to her motion for summary judgment on the reasonableness of the accommodation issue. Why don't you address counsel's argument that there's a distinguishing factual difference because you have it within your control to petition to have the certificate extended? Certainly. I would respond by asking counsel where that comes from in the statute. There's nothing in the statute which conditions a duty to reasonably accommodate. No, more the sense that you're the one that would have to petition to get the, that you've done that for 20 other individuals. And since you have that within your control, he's distinguishing that from, say, the lawyer who doesn't pass the bar exam or a qualification such as someone who doesn't have a college degree. That's outside of your control, but this one's inside your control. First, the 20 other individuals. Those were individuals where the district requested provisional authorization to employ them because they could not find individuals which were appropriately certified. There's no evidence in the record of the district ever. That gets a little bit into the factual dispute, but that, your, I think Judge Kendall's question, you had the, it was within your authority, as Judge Kendall said. It was within. Doesn't that make it a little bit different than the lawyer example that Judge Kendall was talking about? Analytically, I'm having a difficult time seeing. Why? So, the ADA, if you have a duty to reasonably accommodate, if you cross that threshold, the only question is whether the proposed accommodation was reasonable. Is it less reasonable for a lawyer to go to a law firm and say, I didn't pass the bar because of my mental disability, but if you give me six months, I can do it. Please accommodate me. How does that analytically different from our situation? Well, he couldn't work as a lawyer, but here, if he, with a temporary certification, she could work as a, she could teach under Idaho law, correct? With a provisional authorization, if it was granted, she could teach under Idaho law. But in the hypothetical, the lawyer's asking for more time so that he can qualify for the position of both forms of reasonable accommodation. One would result in him, the individual working more quickly than the other, but they're both analytically requests for reasonable accommodation. But the distinction, I think, is that if the lawyer is in the law firm and he doesn't, he hasn't passed the bar, the law firm can't go petition to the board and say give him a provisional law degree. But you, if she says, comes to you and says, I'm so depressed, I cannot get to my training classes. It's taking me extra time to do so. You do have it within your control to give her that grant of time. So how do you answer that concern from his, from his side? From our perspective, there's nothing in the statute itself which says if you have to grant an accommodation if it's somehow more within your control than if it isn't. You can't find a basis in the statute for drawing the distinction he's attempting to draw. If there is a duty to reasonably accommodate, it's just a duty to accommodate where it's reasonable. The question is reasonableness. The question is not whether it's in the employer's control or not. The question is the reasonableness of the proposed accommodation. Would it be reasonable to offer this, this lawyer six additional months to pass the bar? Would it be reasonable for the state, for the board to go to the State Department of Education? Yeah, the record seems to reflect that when the district does, did ask for an account, for a provisional certificate for other teachers, the state board granted it. The record also reflects that the request was only made when the district could not find an individual with proper certification. Well, that's a different issue. You may, I mean, the facts may, on the factual review of the record, I mean, you may prevail on that, I don't know, but the question is whether or not you had to ask, whether asking for a certification was a reasonable accommodation. That's a question, certainly, but you only get to it if you cross the threshold. The threshold being, is she an otherwise qualified individual with a disability? So, as you're still within step one of this two-step analysis, and so long as the requirement is not designed to screen out people like the plaintiff here, or the appellant here, there is no duty on the part of the school district to seek a waiver from the state board. Is that? That's exactly my position, Your Honor. This is a job requisites case. Okay. Does the individual have the job requisites even open the door to consideration of ADA reasonable accommodation? This is not a case, a qualification standard case, for example, where there's a standard which says an individual has to be able to see to a certain degree, or hear to a certain degree. This is something before that. This is a job requisite case, and that dovetails into section 1212B5A's, otherwise qualified individual with a disability. The ADA doesn't define otherwise qualified individual with a disability, so we look back. We look back to the legislative history. Clearly, the house intended otherwise qualified individual with a disability means someone who has the basic job requisites, such as a professional license or professional certificate, and they even say so much in the house report. The EEOC clearly interpreted it the same way. In two different places in the EEOC guidance, they talk about, well, first, the CPA lacking certification who's not qualified. The lawyer, incorporating the house example, who didn't have a license yet, was not qualified. Both Congress and the EEOC, in their guidance, made it a threshold that you have to have the requisite license or certificate, and that's what otherwise qualified means, and that was incorporated into this two-step process, which was adopted by the EEOC and its regulations. The two-step process is, do you have the job requisites, i.e., the license, the certificate, and B, if you do, can you perform the essential functions of the job without a reasonable accommodation? Reasonable accommodation doesn't come in until you get to B. I think we understand, Counselor. I think, oh, sorry. I was just going to ask, the government and the EEOC submitted an amicus brief. They did. And they argued that the duty to accommodate also would apply in a prerequisites case, as you just articulated it. They certainly did. What's your response? I think that's what Judge Appiah is asking. Do I just take their green brief and, you know, I mean, they do interpret the statute, and they do work with the statute. They've interpreted it two different ways. Which one we apply, I don't know. Personally, I would go with the one that's consistent with legislative history and the statutory language rather than the one that came up in their amicus brief in this case. In their regulations, in their published guidance, they view a license or certificate as a job requisite before you have to get to the reasonable accommodation standard. They couldn't say it any more clearly than they said in their guidance. I quote, the term otherwise qualified is intended to make clear that the duty to make reasonable accommodation is owed only to an individual with a disability who is qualified within the meaning of Section 1630.2M. That's what they said in the guidance. I grant you. Is this guidance in the record someplace? Yes, it is. And? Well, the guidance. Can you tell me where it is? The guidance is a matter of law. It's also attached as an appendix to my brief. Okay. Well, do you see a distinction between her having been qualified originally as a teacher and then not being able to get the re-up of her certificate such as a lawyer who doesn't do his continuing education courses? So the depressive episodes come after she is qualified, is in the position, and now needs some relief based upon the disability? I can't see the analytical distinction or the basis in the statute for distinguishing between someone who has not yet obtained the qualification and someone who had it but lost it. The critical question is, do you have the qualification or not? If you had it but lost it, you're not qualified anymore. Are the teachers hired every year, renewed? The teachers are hired under annual contracts of employment. Once they attain tenure, they're subject to automatic renewal, unless there's some pretty egregious circumstances. Was she, did she have tenure? She absolutely did. So she had automatic renewal? She did, but she had a contract. The contract was in place. The contract said you must maintain your certification. State statute said you must maintain your certification. That's, she didn't maintain the certification, and so she could not teach anymore. I see. Anything further, counsel? Unless the court would like me to address the regional accommodation elements, meaning did she meet her burden of proof of showing that the proposed accommodation was plausible? We submit that she didn't. The evidence in the record regarding the provisional authorization program came pretty much just from us. We put forward the application packet, which showed that we had to make a good faith showing that we could find someone, or that we had to show what we did to try to find someone with the appropriate certification. And the district certainly interpreted that as meaning if we can find someone with the appropriate certification, we can't get this provisional authorization. It would be a futile act. Her burden in response to our summary judgment motion was to come up with at least plausible evidence that if the board had asked for this provisional authorization to employ her, it would have been granted. There was no evidence brought forth in the record that the State Department of Education ever granted authorization under circumstances. She could have brought a disparate treatment case? I don't believe she could have brought a disparate treatment case because she doesn't treat it differently than anyone similarly situated. Similarly situated would be someone in a position where the district could find someone else qualified, but they asked for a provisional authorization anyway. There's certainly no facts to support that sort of claim here. I guess finally, I don't think that the death penalty for the district getting it wrong is appropriate in this case. The district could not make that showing that they couldn't find anyone else and so they didn't attempt this accommodation. Ms. Johnson would like the court to rule that that's a plausible accommodation because we didn't try it, we lose. I submit that under the applicable case law, including Buckingham and Nunez and Kimbrough, that at most, that creates a question of fact for trial. In other words, if she's shown plausibility. There's a factual dispute. Yeah, she's still got to prove that it actually wouldn't work. That's essentially what the district court said, right? I don't think the district court quite got that far. I think the district court said some things about the reasonableness issue, but didn't really get to the point of, you know, if this was that, then we would go to trial or we wouldn't. Okay. All right. Thank you. Thank you, counsel. Mr. Walter, you have some reserve time. Yes, Your Honor. I'm trying to cover a couple of points very quickly because, and I do want to address, how this issue of qualification standards came to arrive in step one of the inquiry, in the qualified inquiry, because if you look at the language of the statute, it's not there at all in the definitional section. And how it gets there is you have section one, which is the definitional section, which speaks only to essential functions of the job. You have the causes of action section, which is 102. Then you have the defenses section, which does talk about job selection-related criteria. And it has, in a way, migrated into the way that we decide qualified status because there are plenty of job-related selection criteria that have nothing to do with disability. Are you 21 years old? There's no accommodation to a disability that will make you 21 years old. But in situations where the qualification standard. But your argument seems to me is that under those circumstances, the board would have been required through step one to go to the state board for a waiver for the 21-year-old requirement. Isn't that essentially what you're arguing in this case? No, because that's not something that could be an accommodation to a disability. There's no disability that makes you less than 21 years old. But aren't we focusing on the certificate required? Do you have a certificate, yes or no? I mean, it's not, well, if I tried harder or I worked longer, I might get there. I mean, it's either yes or no, is it not? It is yes or no, but it's something that she could have plausibly obtained with the reasonable accommodation she sought. And that's the force of our brief. That's step two, is it not? Step one, does she have it or not? But part of step one is also taking into consideration the reasonable accommodation. And that's the force of our brief. That's the force of the EEOC's brief. And when we talk about the guidance, the EEOC pointed to another section of the guidance that addresses the situation here, which is 1630.10, which says that an employer may not use selection criteria, such as job prerequisites, to exclude an individual with a disability if the individual could satisfy their criteria with the provision of a reasonable accommodation. And on their interpretation of that intentional discrimination, is there? There's no intentionality requirement in a duty to accommodate case. The question is only whether the individual would be qualified with the provision of the reasonable accommodation and whether the employer denied them that accommodation. Intention is not a part of that. All right. Thank you, counsel. The case just argued will be submitted for decision. And the court for this session is adjourned.
judges: Kendall, O'scannlain, Paez